UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

THE ADVANTAGES APARTMENTS, LLC
AND CEDARSTONE APARTMENTS, LLC                                          PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:10CV301 DPJ-FKB

A&R PROPERTIES, LLC, OLD REPUBLIC NATIONAL
INSURANCE COMPANY, AND MISSISSIPPI VALLEY TITLE
INSURANCE COMPANY                                                       DEFENDANTS

ORDER

This breach of contract action is before the Court on Plaintiffs' motion to remand [4]. Removing Defendant A&R Properties, LLC has responded in opposition. The Court, having considered the memoranda and submissions of the parties, finds that Plaintiffs' motion should be denied.

I.      Facts and Procedural History

In January 2008, Defendant A&R Properties entered a contract to purchase real estate from Plaintiffs The Advantages Apartments, LLC and Cedarstone Apartments, LLC. The sales contract provided that A&R Properties would deposit $75,000 with an escrow agent — $25,000 at the time the contract was executed and $50,000 at the end of an inspection period. Defendants Old Republic National Insurance Company and Mississippi Valley Title Insurance Company acted as escrow agents and received an initial $25,000 deposit from A&R Properties. Shortly before closing, A&R Properties chose not to conclude the purchase. As a result, Plaintiffs filed this action for breach of contract and "failure to deliver escrow funds" against A&R Properties, Old Republic, and Mississippi Valley Title in the County Court of Madison County, Mississippi. Complaint ¶ 5. Plaintiffs demand judgment against all Defendants, jointly and severally, in the

amount of $75,000, plus interest.  Plaintiffs also seek attorney's fees and costs against A&R Properties.

A&R Properties removed the case to this Court, contending that complete diversity of citizenship exists because Plaintiffs failed to allege a claim against resident Defendants Old Republic and Mississippi Valley Title.  A&R Properties insists that these Defendants are nominal parties and improperly joined.  Plaintiffs contend otherwise and filed a motion to remand the case to state court.  It is undisputed that the amount in controversy is met; the issue is whether complete diversity exists.

II.     Analysis

Federal district courts have the power to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1) (2006).  "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citations omitted)).  "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro*, 446 U.S. at 461 (citations omitted).

As explained by the Fifth Circuit Court of Appeals, "a party is nominal if its role is restricted to that of a 'depositary or stakeholder,' e.g., one 'who has possession of the funds which are the subject of litigation.'" *In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 205859, at *4 (5th Cir. Jan. 29, 2009) (citation omitted).  "The test is not dependant on how the plaintiff labels its complaint, but rather on the practical effect of a judgment on a given defendant." *Id.* (citation omitted).

The Fifth Circuit in *In re Beazley* relied in part on *Securities Exchange Commission v. Cherif*, where the Seventh Circuit further described the role of a "nominal defendant."

> A "nominal defendant" is a person who can be joined to aid the recovery of relief without an assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation.  A nominal defendant holds the subject matter of the litigation "in a subordinate or possessory capacity as to which there is no dispute."  Because the nominal defendant is a "trustee, agent, or depositary," who has possession of the funds which are the subject of litigation, he must often be joined purely as a means of facilitating collection.   The court needs to order the nominal defendant to turn over funds to the prevailing party when the dispute between the parties is resolved.   A nominal defendant is not a real party in interest, however, because he has no interest in the subject matter litigated.   His relation to the suit is merely incidental and "it is of no moment [to him] whether the one or the other side in [the] controversy succeed[s]."   Because of the non-interested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established.

933 F.2d 403, 414 (7th Cir. 1991) (internal citations omitted).

Here, Old Republic and Mississippi Valley Title are merely holding the disputed funds as an escrow agent.  As pointed out by A&R Properties, the sales agreement, which is attached to the Complaint, provides: "In the event of a dispute, Escrow Agent's only obligation shall be to retain the Deposit until a final determination has been issued or to pay the Deposit into a court of competent jurisdiction."  As a depository holding funds which are the subject of the dispute, Old Republic and Mississippi Valley Title are nominal parties.  *See  In re Beazley Ins. Co.*, 2009 WL 205859, at *4; *see also Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, No. 1:09cv723 LG-RHW, 2010 WL 502698, at *2 (S.D. Miss. Feb. 5, 2010) (denying remand and finding that a trustee was a nominal party because he merely held title to property subject to a deed of trust for the benefit of the real parties in interest); *Shoreview Assocs., LLC v. Wells Operating P'ship, L.P.*, No. Civ. 02-4764 JRTFLN, 2003 WL 22076610, at *2 (D. Minn. Aug. 24, 2003) (denying remand and

noting "[i]t is well established that an escrow agent or depository that has been joined merely to perform a ministerial duty is no more than a nominal party, and is therefore disregarded for diversity purposes"); *Hidey v. Waste Sys. Int'l, Inc.*, 59 F. Supp. 2d 543, 546 (D. Md. 1999) (denying remand and noting that escrow agent "served as a mere depository for the funds and, therefore, is a nominal party who has no interest in the outcome of the litigation").  Plaintiffs' motion to remand is denied.

III.     Conclusion

Based on the foregoing, the Court finds that Plaintiffs' motion to remand [4] should be denied.  Likewise, Plaintiffs' motion for attorney's fees and costs [6] is denied.  The parties are directed to contact Magistrate Judge F. Keith Ball to request a telephonic case management conference.

**SO ORDERED AND ADJUDGED** this the 1th day of December, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE